IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RAY EVANS                                                                                   PETITIONER

v.                                              Civil No. 2:20-cv-02097-PKH-MEF

DUANE (DAK) KEES                                                                              RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner's Petition for Writ of Mandamus. (ECF No. 1). The Respondent has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

### I. BACKGROUND

Petitioner, David Ray Evans ("Evans"), filed his handwritten *pro se* Petition for Writ of Mandamus on June 15, 2020. (ECF No. 1). The petition concerns his State criminal case, *State v. Evans*, Case No. CR-96-139. (*Id*. at 1). Evans alleges that "there was absolutely no physical evidence at all to support [the victim's] coerced allegations of sexual abuse"; that the victim confessed she had never been sexually abused; and, that the victim's grandmother and a DHS worker forced her to accuse him of sexual assault. (*Id*. at 1) (emphasis in original). He further alleges that a rape kit exam was performed on February 23, 1996, and that the lab report was provided to the Deputy Prosecuting Attorney, Claire Borengasser[1], who "realized that it would totally exculpate and totally exonerate me of all sex charges," so Borengasser allegedly "conspired to withhold and conceal the lab report from a judge and jury." (*Id*.). Evans asserts that the prosecutor's withholding of such information violated his Due Process rights. (*Id*. at 1, 2). He

---

[1] Hon. Claire Borengasser is presently a District Court Judge in Sebastian County, Arkansas. Arkansas Legal Directory 2019-2020, p. 259.

1

claims that his public defender, James R. Marschewski[2], failed to properly represent him by refusing to make Borengasser release the rape kit exam lab report and by refusing to call any of his 14 defense witnesses to the stand.  (*Id*. at 2).

Evans alleges that Defendant, Duane (DAK) Kees[3], "has the legal authority to order and make Claire Borengasser release or turn over the Rape Kit Exam lab report," and that Kees "also has the authority to compel or order the Sebastian County Circuit Court to grant me the new trial that was ordered by Don Langston[4] on 8/16/96!!!"  (*Id*. at 2) (emphasis and punctuation in original).

Evans also alleges that "David Ray Evans # 109126 … died on the operating table in the early morning hours of January 30, 2006, at the Ark[ansas] Heart Hospital while undergoing open heart surgery …"  (*Id*. at 4) (emphasis in original).  He further alleges: "[o]n Friday, 2-3-06, I was kidnapped from the Ark[ansas] Heart Hospital by 5 ADC transportation officers and taken to the ADC prison hospital at Pine Bluff!!!  These 5 transportation officers were ordered to kidnap me to replace the inmate David Ray Evans # 109126 who had died on the operating table on 1-30-06!!!"  (*Id*.) (emphasis and punctuation in original).  Notably, the Petition is signed by David Ray Evans # 109126.  (*Id*., at 3).

## II.     DISCUSSION

### A.     28 U.S.C. § 2254

Aside from the fanciful allegations that David Ray Evans # 109126 died on the operating table on January 30, 2006, and that he (the David Ray Evans # 109126 who signed the Petition)

---

[2] Hon. James R. Marschewski is a former public defender, a former Circuit Judge in Sebastian County, Arkansas, and a former United States Magistrate Judge for this Court.
[3] Duane A. (DAK) Kees is a former United States Attorney for the Western District of Arkansas.  He resigned effective January 17, 2020.  See nwahomepage.com/knwa/u-s-attorney-duane-kees-resigns/ (last accessed July 13, 2020).
[4] Hon. Don Langston, deceased, is a former Circuit Judge in Sebastian County, Arkansas.

was kidnapped by ADC transportation officers to replace the deceased David Ray Evans, the allegations of a Due Process violation and ineffective assistance of counsel set forth in the Petition seek to challenge the validity of the conviction and sentence imposed by the Circuit Court of Sebastian County, Arkansas, in Case No. CR-96-139.[5]

A petition pursuant to 28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges to the validity of his conviction or sentence or to the execution of his sentence. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). Because Evans is "a person in custody pursuant to the judgment of a State court," he can only obtain federal habeas relief through 28 U.S.C. § 2254, no matter how his pleadings are styled. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Therefore, a petition for writ of mandamus is not the appropriate vehicle for Evans' claims.

**B.   Timeliness**

Evans seeks to challenge a conviction and sentence imposed by the Circuit Court of Sebastian County, Arkansas on October 3, 1996. See caseinfo.arcourts.gov.

A one-year period of limitation applies to petitions brought under 28 U.S.C. § 2254. This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate

---

[5] The complete file number is 66FCR-96-139A. See caseinfo.arcourts.gov.

of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Evans had 30 days from the entry of his conviction and sentence on October 3, 1996 to file a direct appeal. Ark. R. App. P. Crim. 2(a)(1). State court records show no direct appeal by Evans, so his conviction became final on November 3, 1996. See caseinfo.arcourts.gov. Since no direct appeal was taken, Evans had 90 days from the entry of the judgment on October 3, 1996, or until January 1, 1997, to file a petition for post-conviction relief in state court. Ark. R. Crim. P. 37.2(c)(i). The state court records show that a petition for post-conviction relief was filed by Evans on March 1, 1998, over a year after the limitations period for doing so had passed. *Id*. The state court denied post-conviction relief on May 5, 1998. *Id*.

Evans does not allege that any state action prevented him from timely filing for habeas relief in federal court, nor does he assert a claim based on a right newly recognized by the United States Supreme Court and made retroactive to cases on collateral review. Thus, the provisions of 28 U.S.C. §§ 2244(d)(1)(B) and (C) are not implicated. Further, 28 U.S.C. § 2244(d)(1)(D) requires a habeas petitioner to raise claims within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Evans alleges no new facts that would trigger tolling of the limitations period under § 2244(d)(1)(D).

A petitioner may be entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights with reasonable diligence, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018) (holding that a prisoner was not entitled to equitable tolling when he did not seek inquiry into the status of his case until five years after the final judgment of his case); *see also Jimerson v. Payne*,

4

957 F.3d 916, 925 (8th Cir. 2020) (holding that a *Brady* claim was time-barred when the attorney missed the § 2254 filing deadline by less than one week).

Evans' petition in the present case, filed on June 15, 2020, is over twenty-two years past the expiration of the applicable limitations period for seeking post-conviction relief under 28 U.S.C. § 2254, and his petition should be summarily dismissed.

### C. Authority of United States Attorney

Except as otherwise provided by law, each United States Attorney, within his district, shall: (1) prosecute for all offenses against the United States; (2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned; (3) appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury; (4) institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law, unless satisfied on investigation that justice does not require the proceedings; and, (5) make such reports as the Attorney General may direct. 28 U.S.C. § 547. The statute provides no authority for a United States Attorney to direct state prosecuting authorities, or state courts, to take some action in a state criminal prosecution.

Evans' petition seeking a writ of mandamus commanding the United States Attorney to direct a (former) deputy state prosecutor to release evidence in a terminated state court prosecution, and to direct a state circuit court to grant a new trial, does not fall within the scope of a United States Attorney's duties and authority under 28 U.S.C. § 547. Evans' petition against Kees fails to state a claim upon which relief could be granted and should be dismissed.

### III. CONCLUSION

For the reasons discussed above, it is recommended that Evans' Petition for Writ of Mandamus (ECF No. 1) be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of July 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE